UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY BISHOP,<br><br>        Plaintiff,<br><br>        v.<br><br>MAZDA MOTOR OF AMERICA, INC., *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-2557 EMC<br><br>**ORDER GRANTING DEFENDANT FBI'S MOTION TO DISMISS**<br><br>**(Docket No. 4)** |

## I. INTRODUCTION

Pending before the Court is Defendant FBI's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Defendant FBI argues it must be dismissed as a defendant because Plaintiff has not followed the proper procedures under the Federal Tort Claims Act, and thus there is no waiver of sovereign immunity and no subject matter jurisdiction. Defendant FBI also moves to dismiss the claims against it for failure to state a claim because (1) her allegations are not plausible on their face; (2) Defendant FBI is not a proper defendant in a § 1983 suit; and (3) Plaintiff has not alleged facts sufficient to state a claim for intentional infliction of emotional distress, negligent infliction of emotional distress, or discrimination under California Civil Code § 54.[1]

---

[1] Defendant FBI also argues that Plaintiff fails to state a claim in her causes of action based on misrepresentation, interference with contract rights, and constitutional violations because there is no waiver of sovereign immunity in those types of cases. FBI Mot. Dismiss at 7. This order considers these arguments together with Defendant FBI's other arguments about sovereign

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff originally filed this case in San Mateo County Superior Court on September 26, 2011, and filed amended complaints on or around March 26, 2012 and April 12, 2012. Docket No. 1 at 1-3, Ex. 1. The only complaint on the record here is the second amended complaint ("SAC"), which names as defendants the Federal Bureau of Investigation ("Defendant FBI"), as well as Mazda Motor of America, Mazda North American Operations, Rossi Motors, Marin Mazda Subaru, and Menlo Mazda ("Mazda Defendants"), and "Does 1 through 500 inclusive." Docket No. 1 Ex. 1.

Defendant FBI filed a Notice of Removal to federal court on May 18, 2012, and a Motion to Dismiss on July 6, 2012. Docket No. 1, 4. Plaintiff did not timely respond to Defendant FBI's motion. On July 26, 2012, Magistrate Judge James issued an order to show cause directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with court deadlines. Docket No. 7. Plaintiff again failed to respond. The case was reassigned on August 22, 2012. Docket No. 14. Finally, on September 5, 2012, Plaintiff filed an opposition to Defendant FBI's motion. Docket No. 17-18. On September 12, 2012, this Court issued an order rejecting Judge James' Report and Recommendation, which had recommended dismissing for failure to prosecute and failure to comply with the court's deadlines. Docket No. 19. The Court ordered Defendant FBI to file any reply to Plaintiff's opposition by September 18, 2012. *Id.* Defendant FBI filed a late reply on October 4, 2012.

This case arises out of Plaintiff's July 10, 2004 purchase of a car from Defendant Marin Mazda Subaru (also known as Rossi Motors) ("Defendant Dealership"). SAC ¶ 5. At the time of her purchase, she informed Defendant Dealership that she had extreme health problems that made her unusually sensitive to electromagnetic fields of the kind produced by wireless devices. SAC ¶ 6. She told Defendant Dealership that contact with wireless devices made her ill. *Id.* When Plaintiff purchased the car, she requested confirmation that all wireless devices had been removed from the car. SAC ¶ 7. A form titled "Acknowledgment of Purchase of After Sale Products" from the date of purchase specifies "Remove all audio, radio, satellite, cellular phone and GPS equipment including

---

immunity under the motion to dismiss for lack of subject matter jurisdiction.

microphones and speakers" and bears a manager's signature. SAC Ex. A at 4. Plaintiff alleges that the agreement to remove all wireless devices "was an integral part of their sales agreement." SAC ¶ 7. During the ownership of the car, Plaintiff had her car serviced by Defendant Menlo Mazda and again requested and received written confirmation that there were no wireless devices in the car. SAC ¶ 8, Ex. A at 5-6.

Over time, Plaintiff began to suspect that, despite these reassurances, there were wireless devices in her car. SAC ¶ 9. She began experiencing problems with her car, including battery failure, smoking from the cigarette lighter when devices were plugged in, and excessive wear and tear. SAC ¶¶ 10-11. Plaintiff began to take extended detours to "seek out roads that would reduce the level of wireless emissions in her car," increasing her fuel costs and expending much time. SAC ¶ 12. At times, she would rent a car because driving her Mazda vehicle was causing her "great physical pain." SAC ¶ 13.

Eventually, Plaintiff purchased expensive equipment to measure wireless emissions from her car, and with the measurements from this equipment came to the conclusion that there were several wireless transmissions coming from her car. SAC ¶ 14. She also found out that the key to her car contained a wireless device, despite the fact that there were no visible indications of this fact on the key. SAC ¶ 15. Plaintiff alleges "that her automobile is being monitored through tracking devices, including the car key," and that all Defendants were aware of and facilitating such monitoring. SAC ¶¶ 16-17. Plaintiff alleges that this tracking has caused her severe physical pain and emotional distress. SAC ¶ 18.

Plaintiff alleges that Defendant FBI worked, either in coordination with the Mazda Defendants or independently, to place wireless devices in her car and to misrepresent that the car had no such wireless devices. SAC ¶¶ 38, 47, 67. She further asserts that Defendant FBI concealed that such wireless drivers are unsafe, and that they may cause damage to the car and harm its driver and passengers. SAC ¶ 67. She alleges that Defendant FBI, in addition to several other state and local government entities, placed wireless devices in or around Plaintiff's car, and on the streets that Plaintiff commonly drove. SAC ¶¶ 109, 117. These devices created

> a GAUNTLET of wireless devices that emitted wireless signals
> connecting with the Plaintiff's car specifically wherever the Plaintiff
> drove. This specific targeting of the Plaintiff's car subjected her to
> excessive and discriminatory government scrutiny at all times. These
> wireless devices were purposefully situated on the roads with great
> frequency with the intent of harassing the Plaintiff and causing her
> pain, and to ensure that the Plaintiff could not sit comfortably, drive
> comfortably, or have a moment of rest.

SAC ¶¶ 109, 117. She alleges that these wireless devices were not "not adequately contained, packaged and labeled," that they endangered her life. SAC ¶ 127. She alleges that because of these wireless devices, she has suffered serious physical, emotional, and financial harm. *See, e.g.*, SAC ¶ 43.

Based on this course of events, Plaintiff alleges twelve causes of action: (1) General Negligence; (2) Fraud: Intentional Misrepresentation; (3) Fraud: Negligent Misrepresentation; (4) Fraud: Promissory Fraud; (5) Fraud: Concealment; (6) Breach of Contract; (7) Breach of Implied Warranty of Merchantability; (7B) Intentional Infliction of Emotional Distress; (8) Negligent Infliction of Emotional Distress; (9) Violation of Federal Civil Rights (§ 1983); (10) Discrimination in Violation of California Civil Code § 54; (10B) Intrusion into Privacy.[2]

It is not entirely clear from the face of Plaintiff's complaint which causes of action she alleges against Defendant FBI. Defendant FBI is mentioned explicitly in Plaintiff's discussion of all causes of action except for those for promissory fraud, breach of contract, and breach of implied warranty of merchantability. SAC ¶¶ 53-59, 76-86C.[3]

### III.   DISCUSSION

A.   Subject Matter Jurisdiction - Sovereign Immunity

Under the doctrine of sovereign immunity, the United States may not be sued without an express statutory waiver of immunity. *United States v. Shaw*, 309 US 495, 500-01 (1940). Without

---

[2] Plaintiff's complaint is misnumbered; there are two causes of action numbered 7 and two numbered 10. To avoid confusion, this order designates the second of each of these "7B" and "10B," respectively.

[3] There is a numbering irregularity in the paragraphs in this section of the complaint. Between paragraphs 86 and 87 there are two paragraphs numbered 2 and 3. For clarity, this order refers to them as 86B and 86C.

such waiver, courts lack jurisdiction to hear the case, and it must be dismissed. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Any waiver of sovereign immunity must be strictly construed in favor of the United States. *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991).

        1.    <u>Failure to Comply with FTCA Procedural Requirements</u>

The Federal Tort Claims Act ("FTCA") provides for the abrogation of the sovereign immunity of the United States with respect to tort claims against the federal government. 28 U.S.C. § 2674. The FTCA provides that the United States shall be liable in tort suits "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. It is the exclusive waiver of sovereign immunity for suits against the United States sounding in tort. 28 U.S.C. § 1346(b). The United States is the only proper defendant in FTCA claims; agencies such as the FBI cannot be named as defendants. 28 U.S.C. § 2679(a). Thus, to the degree that Plaintiff has any claims against the federal government, the United States rather than the FBI would be the proper defendant.

In addition to naming the wrong federal defendant, Plaintiff has failed to comply with the procedural requirements for filing suit under the FTCA. The FTCA provides that a person may not file suit against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). If an agency fails to make a final disposition on a claim within six months, it is deemed to have issued a final denial for the purpose of allowing a claimant to file suit. *Id.* Since the administrative claim requirements of the FTCA are "jurisdictional in nature . . . [they] must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

Plaintiff asks that her First Amended Complaint ("FAC") filed in this case in state court be considered her presentation of her claim to Defendant FBI under the FTCA. Pl.'s Opp at 3. Plaintiff argues that because the FAC "was not served by hand, [it] is not considered officially served by the Courts, but instead acts as the written lodgement of a complaint against the FBI required by the FTCA. This was then followed by the Second Amended Complaint which was served in person as is required by the Court system." Pl.'s Opp at 3. She states that Defendant FBI did not respond to

5

the FAC. Pl.'s Decl. in Support of Opp. at 2. Her argument makes no mention of her original complaint, which was filed in September of 2011.

Plaintiff's argument fails both legally and factually. The FTCA requires a plaintiff to file a claim with the appropriate agency *prior* to filing a lawsuit. *Brady v. United States*, 211 F.3d 499, 502-03 (9th Cir. 2000). Filing a lawsuit does not constitute an administrative claim required by the FTCA. This is because "purpose of the FTCA's administrative claim procedure is 'to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts.'" *Id.* at 503 (quoting *Jerves v. United States*, 966 F.2d 517, 520 (9th Cir. 1992)). In *Brady*, the Ninth Circuit specifically rejected a plaintiff's argument that an earlier-filed complaint gave the defendant federal agency notice prior to her later-filed complaint, holding that the "first dismissed complaint was not an administrative claim within the meaning of" the FTCA. *Id.*

Additionally, even were the FAC to constitute an administrative claim under the FTCA, Plaintiff would still be unable to show the required prerequisites for filing suit. Plaintiff mailed the FAC to Defendant FBI on March 26, 2012, less than a month before the filing of the SAC.[4] Pl.'s Opp. Ex. B. Thus, even if the FAC were a proper administrative claim, Plaintiff did not wait the required six months before construing the FBI's inaction as a final denial and filing suit. *See* 28 U.S.C. § 2675(a).

Plaintiff's tort claims against Defendant FBI (causes of action 1-5, 7B-8, and 10B) are therefore dismissed for lack of subject matter jurisdiction, as she has not complied with the procedural requirements of the FTCA.

2. <u>Interference with Contract and Misrepresentation Claims</u>

Additionally, some of Plaintiff's claims would be barred by sovereign immunity even had she complied with the procedural requirements of the FTCA. The FTCA specifically excludes claims for "misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

---

[4]There is some question as to whether Defendant FBI ever actually received the FAC. In its Notice of Removal, Defendant FBI alleged that the SAC was the "only process, pleading or order which" it had received. Docket No. 1 at ¶ 2.

This clause has been interpreted to encompass both intentional and negligent misrepresentation. *United States v. Neustadt*, 366 U.S. 696 (1961).  As there is no waiver of sovereign immunity under the FTCA for such claims, the Court lacks jurisdiction to hear Plaintiff's claims for intentional misrepresentation, negligent misrepresentation, and concealment even had Plaintiff established the necessary procedural prerequisites for filing suit.

It is unclear from the complaint whether Plaintiff asserts her claims for promissory fraud, breach of contract, and breach of implied warranty of merchantability against Defendant FBI, or just against the Mazda Defendants.  SAC ¶¶ 53-59, 76-86C.  Nowhere in the complaint does she allege that she had a contract with Defendant FBI, and Defendant FBI is not explicitly mentioned in these claims except to the degree that they incorporate all prior paragraphs of the complaint.  *Id.*  To the degree that she asserts these claims against Defendant FBI based on a theory that it interfered with her contract rights with the Mazda Defendants, these claims would also be barred because the FTCA does not waive sovereign immunity for such claims.  28 U.S.C. § 2680(h).

Accordingly, Plaintiff's second, third, and fifth causes of actions are dismissed as they are barred by sovereign immunity.  To the degree that Plaintiff's fourth, sixth, and seventh causes of action are based on a theory of interference with contract rights, they are also barred.

3.   <u>Waiver of Sovereign Immunity for Constitutional Claims</u>

Defendant FBI alleges that Plaintiff's constitutional claims must be dismissed because "the United States has not waived its sovereign immunity for alleged violations of constitutional rights."  FBI Mot. Dismiss at 7.  Defendant FBI provides no further argument or discussion of this point. While the cases Defendant FBI cites do not support a blanket rule that there is never a waiver of sovereign immunity for constitutional tort claims, they do suggest that there is no waiver here.

In *F.D.I.C. v. Meyer*, the Supreme Court found that the FTCA did not constitute waiver of sovereign immunity for the purposes of constitutional torts, but held that there was nonetheless an independent basis for waiver in a statute allowing the defendant agency to sue and be sued.  510 U.S. 471, 475-79 (1994).  In that case, the plaintiff had brought suit against the Federal Savings and Loan Insurance Corporation (FSLIC), alleging a violation of his due process rights under the Fifth Amendment.  *Id.* at 473-74.  He alleged a cause of action under *Bivens v. Six Unknown Fed.*

*Narcotics Agents*, 403 U.S. 388 (1971), which allows suits against federal agents for violations of the Constitution. *Id.* As a preliminary mater, the Court found that there was no waiver of sovereign immunity under the FTCA. *Id.* at 477-78. The Court held that constitutional torts are not cognizable under the FTCA because the FTCA only waives sovereign immunity to the degree that an individual would be liable in tort under state law, and constitutional claims arise under federal law. *Id.* The Court found that there had been a waiver of sovereign immunity under an unrelated statute that allowed the FSLIC to "sue and be sued . . . in any court of competent jurisdiction." *Id.* at 480. Despite the waiver of sovereign immunity, the Court held that the plaintiff's claim should have been dismissed because *Bivens* suits are available only against federal government officers, and not against federal government agencies. *Id.* at 485-86.

Here, the parties discuss no basis for the waiver of sovereign immunity other than the FTCA. As the FTCA does not waive sovereign immunity for constitutional tort claims, Plaintiff's § 1983 claim is barred by sovereign immunity.

B.     <u>Failure to State a Claim against the FBI</u>

In addition to the above, Defendant FBI also moves to dismiss Plaintiff's claims against it for failure to state a claim. Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

### 1. Failure to Plead Sufficient Facts

The facts Plaintiff alleges against Defendant FBI are largely vague and conclusory and fail to state a plausible claim. Her complaint merely states that she "believes and alleges that the Defendant FBI worked in coordination with [the Mazda Defendants] or worked independently to intentionally place wireless devices and to intentionally misrepresent that there were no wireless devices in or on the Plaintiff's Mazda vehicle, and to intentionally misrepresent that these devices do not cause harm or pain to the driver of the vehicle." SAC ¶ 38; *see also* SAC ¶¶ 47, 67 (nearly identical allegations). She also alleges that Defendant FBI likewise concealed the fact that wireless devices could cause vehicles to malfunction. SAC ¶ 67. Finally, she alleges that Defendant FBI, acting in concert with the Mazda Defendants and various other government and private entities, placed a number of wireless devices on the streets where she commonly drove that then connected with the devices in her car, with the intent to harass and injure her. SAC ¶¶ 109, 117. Nowhere in Plaintiff's complaint does she describe the concrete facts or observations that led her to conclude that Defendant FBI had done any of the things that she alleges. To the degree that she offers more concrete allegations indicating why she believes that there were wireless devices in her car or on the streets, *see* SAC ¶ 9-13 (health problems attributed to electromagnetic fields from wireless devices), 109 (same), 14 (equipment detected wireless emissions), she offers nothing that links Defendant FBI to these wireless devices. She offers no explanation why the FBI would target her and conspire to install wireless devices to harass her.

In *Iqbal*, the Supreme Court held that a complaint is insufficient if it offers only "'naked assertion[s]' devoid of 'further factual enhancement.'" 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). A Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 *opinion amended on other grounds on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001). In *Iqbal*, the Supreme Court found that conclusory allegations that the defendants were "instrumental" in the design and implementation of an allegedly unconstitutional policy were

9

conclusory and "not entitled to be assumed true." *Iqbal*, 556 U.S. at 664. Similarly, in *Twombly*, the Court found that "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice" to state a claim for conspiracy in restraint of trade, and that "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556-57.

In this case, Plaintiff's offers no more concrete support for her allegations than did the plaintiffs in *Iqbal* and *Twombly*. She alleges no supporting facts that would provide a basis to believe that Defendant FBI was responsible for any wireless devices in her car or on streets she frequents and that she was the target of the alleged conspiracy. Her allegations that the FBI collaborated with the Mazda Defendants are merely conclusory allegations of conspiracy, and fail to raise a reasonable inference that she was targeted. *See Twombly*, 550 U.S. at 556-57. Without any concrete factual basis from which to draw an inference of the FBI's involvement, Plaintiff's allegations fall below the level of plausibility necessary to state a claim against Defendant FBI. *See Iqbal*, 556 U.S. at 678.

In her opposition, Plaintiff states that she is unable to produce more specific evidence because Defendant FBI has "purposefully refused to answer a FOIA request that was made by the Plaintiff to both the FBI and the DOJ." Pl.'s Opp. at 2. The attachments to her opposition, however, contain a response from the FBI indicating that they had received her request for "all documents pertaining to Ms. Cindy Bishop," searched their Central Records System, and found no responsive documents. Pl.'s Opp. Ex. C at 1-2. This is not a refusal to answer, this is a statement that the FBI records do not contain the information she is seeking.

Additionally, she argues that the Superior Court in her state case "has already ruled that various causes of action of this case can stand on their own merit without further amendments." Pl.'s Opp. at 2. In support of this allegation, she offers a June 28, 2012 Superior Court order sustaining demurrers as to all claims except those for negligence, fraud: promise made without intent to perform, breach of contract, and intrusion into privacy. Pl.'s Opp. Ex. A. This order dates from after the removal of this case to federal court, and appears to be based on a different operative complaint, as it contains causes of action not alleged here. More importantly, it does not address

whether Plaintiff's allegations are sufficient to state a claim against Defendant FBI, as Defendant FBI was not a party to that suit at the time of the order. *Id.* As the Superior Court decision does not address the issues faced by the Court here, it provides no meaningful support to Plaintiff's position. Moreover, the mere fact that the Superior Court overruled the demurrer is insufficient to show that Plaintiff's claims have merit.

Accordingly, Plaintiff's claims against Defendant FBI are dismissed for failing to plead sufficient non-conclusory facts to state a plausible claim against Defendant FBI.

2.   <u>Section 1983 Claim</u>

In addition to arguing that Plaintiff generally fails to state a claim on any cause of action because of the implausibility of the facts she alleges, Defendant FBI also points to specific deficiencies in several of her claims. Defendant FBI argues that Plaintiff it is not a proper defendant for Plaintiff's § 1983 claim. Plaintiff brings a claim under § 1983 alleging violations of her constitutional rights. *See* 42 U.S.C. § 1983. SAC ¶¶ 107-13. Specifically, she alleges that the defendants "violated the Plaintiff's right to privacy in violation of the US and California Constitution, the right to be free from slavery in violation of the 13th Amendment, the right to be free from extortion, the right to her work product (Unfair Competition), the right to economic freedom, and the right to life and liberty." SAC ¶ 111. Section 1983 provides for suits against any "person" who violates an individual's constitutional rights "under color of" law. 42 U.S.C. § 1983. Federal agencies are not "persons" within the meaning of § 1983. *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011). Accordingly, the FBI is not a proper defendant in a § 1983 suit, and Plaintiff's § 1983 claim against Defendant FBI is dismissed for failure to state a claim.[5]

---

[5] Defendant FBI also argues that Plaintiff fails to state a claim for intentional or infliction of emotional distress, or for discrimination under California Civil Code § 54. Defendant FBI offers no argument or authority in support of its position other than to quote the text of Cal. Civil Code § 54, which provides that

> Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

Cal. Civ. Code § 54. As noted above, Plaintiff fails to meet the plausibility standard in asserting her

11

C.      Dismissal of Claims against Mazda Defendants and Remand to State Court

Though Defendant FBI requests the relief of being dismissed as a defendant for all claims, its motion in places also states that the complaint should be dismissed in its entirety. *See* FBI Mot. Dismiss at 2-3. Plaintiff opposes the dismissal of the claims against the Mazda Defendants, arguing that Defendant FBI's main argument, failure to comply with the FTCA requirements, does not apply to the Mazda Defendants. Pl.'s Opp. at 1. She is correct that the factual and legal issues in the claims against the Mazda Defendants are distinct from those in the claims against Defendant FBI, and have not been adequately briefed by any party. Accordingly, to the extent that Defendant FBI moves to dismiss the claim in its entirety, the motion is denied.

This case was removed from state court by the FBI pursuant to 28 U.S.C. § 1442(a)(1), which provides for removal to federal court of suits against federal agencies against the United States or any federal agency or officer. Notice of Removal ¶ 1, 3. Defendant FBI noted that there was also federal question jurisdiction as to some claims.[6] Notice of Removal ¶ 3 (citing 28 U.S.C., § 1331). The Mazda Defendants did not join in the request for removal. Plaintiff alleges in her opposition that Defendant FBI was never properly added as a defendant in the state court action, and requests remand of this case to state court "if this case would be dismissed in its entirety from the Federal Court." Pl.'s Opp. at 2. In its reply, Defendant FBI agrees that its dismissal should result in remand to state court. FBI Reply at 2. The Mazda Defendants have not filed anything indicating their position on the question of remand.

Accordingly, Plaintiff and the Mazda Defendants are hereby ordered to show cause why this case should not be remanded to state court.

///

///

---

claim. Furthermore, she fails to identify any basis for the federal government's waiver of sovereign immunity for this claim.

[6] It seems unlikely that any of the causes of action that state a valid claim against the Mazda Defendants provides a basis for federal question jurisdiction. For example, while Plaintiff's § 1983 claim would provide federal question jurisdiction, the Mazda Defendants are not state actors, and thus are not proper defendants for such a claim.

12

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss all of Plaintiff's claims against Defendant FBI is **GRANTED**, but the motion to dismiss the complaint in its entirety is **DENIED**. The remaining parties, Plaintiff and the Mazda Defendants, are hereby **ORDERED** to show cause why this case should not be remanded to state court. The parties shall file their responses to the order to show cause no later than November 13, 2012.

This order disposes of Docket No. 4.

IT IS SO ORDERED.

Dated: November 1, 2012

_____
EDWARD M. CHEN
United States District Judge